PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH CLINE, | ) | CASE NO. 5:25-CV-00349 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF** |
| SECURITY, | ) | **OPINION AND ORDER** |
| | ) | [Resolving ECF Nos. 1, 10, 11] |
| Defendant. | ) | |

## I. INTRODUCTION

Plaintiff Joseph Cline applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Social Security Administration ("SSA") denied his claim initially and on reconsideration. Plaintiff asks the Court to remand that determination for reconsideration. On referral, the magistrate judge issued a Report and Recommendation ("R&R") affirming the denial. Plaintiff disagrees. On review, the Court finds that the SSA's denial resulted from a proper application of the law and is supported by substantial evidence. For these reasons and those that follow, Plaintiff's Objection (ECF No. 11) is overruled, the R&R (ECF No. 10) is adopted, and the denial of SSI (ECF No. 5) is affirmed.

## II. FRAMEWORK

### A. *Application*

Under the Social Security Act of 1935, Americans are entitled to supplemental income payments if they are disabled and meet certain resource restrictions. *See* 42 U.S.C. §§ 416(i), 423, 1381; 20 C.F.R. §§ 416.905, 416.1100, 416.1201; *Kirk v. Sec'y of Health Hum. Servs.*, 667

(5:25-CV-00349)

F.2d 524 (6th Cir. 1981).  Disability claims are initially reviewed by a state-level administrative agency.  *See* 42 U.S.C. §§ 421(a), 1383b(a).  If a claim is denied, an applicant "may pursue a three-stage administrative review process" for relief.  *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).  First, the claim may be reconsidered *de novo* by the same agency.  *See* 20 C.F.R. §§ 404.909(a), 416.1409(a).  Next, a twice-denied claim may be appealed to an SSA Administrative Law Judge ("ALJ.")  *See* 42 U.S.C. §§ 405(b)(1), 1383(c)(1);  20 CFR §§ 404.929, 416.1429, 422.201.  And third, a thrice-denied claim may be appealed to the SSA Appeals Council.  *See* 20 CFR §§ 404.967, 416.1467.  If the Appeals Council affirms the denial, the applicant may file a claim in federal court.  *See* 42 U.S.C. § 405(g).

### B.  *Disability*

At the second level of appeal, an ALJ answers five questions to determine whether an applicant is disabled.  *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006) (en banc).  First, whether the applicant recently engaged in "substantial gainful activity."  *See* 20 C.F.R. § 416.920(b).  If yes, the claim is denied.  *See id.*  Second, whether the applicant suffers from a "severe impairment" or combination of impairments.[1]  *See* 20 C.F.R. § 416.920(c).  If the applicant does not, the claim is denied.  *See  id.*  Third, whether the applicant 's condition meets (or equals) an impairment enumerated in SSA regulations.  *See* 20 C.F.R. § 416.920(d).  If it does, the applicant is presumptively disabled; if not, the evaluation continues.  *See  id.*  Fourth, if impaired, whether the impairment prevents the applicant from performing past work.  *See* 20 C.F.R. § 416.920(e).  And fifth, whether—based on the applicant's age, education, and work

---

[1] A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990) (quoting 20 C.F.R. §§ 404.1520(c), 416.920(c)).

2

(5:25-CV-00349)

experience—the applicant could, despite the impairment, perform "other work that exists in significant numbers in the national economy." *See Mackney v. Comm'r. of Soc. Sec.*, No. 1:12-CV-710, 2013 WL 123597, at *1 (N.D. Ohio Jan. 9, 2013).

These five steps are sequential, but non-preclusive; an applicant is disabled if he meets a listed impairment (in step three) *or* cannot perform past work (in step four) *and* cannot perform different work in step five. *See id.* In steps one through four, the burden of proof is on the applicant. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). At step five, it shifts to the SSA. *See id.* A "denial of [an applicant]'s disability claim at Step Four is proper if there is substantial evidence in the record to support the conclusion that [they] could perform [their] past relevant work and [have] therefore failed to make a *prima facie* case of being under a disability." *Id.* Put plainly: an applicant is disabled only if (1) a severe impairment prevents past work and (2) no other performable work exists. *See Bowen*, 482 U.S. at 141

### C. RFC

Before moving from step three to step four in the disability determination, an ALJ must render a Residual Functional Capacity ("RFC") for the applicant. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013); 20 C.F.R. §§ 416.920(e), 416.945(a)(1). An RFC is an assessment of the maximum work-related tasks an applicant could complete despite their impairment "based on . . . the [relevant] medical and non-medical evidence." *Rudd*, 531 F. App'x at 728; s*ee* 20 C.F.R. § 404.1546(c). It is not a medical opinion, but a discretionary administrative determination.[2] *See* 20 C.F.R. § 404.1527(d)(2). Once established, an RFC

---

[2] *Supra* Part II.A. "A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner." *Golden v. Berryhill*, No. 1:18CV00636, 2018 WL 7079506, at *17 (N.D. Ohio Dec. 12, 2018), report and recommendation adopted sub nom, 2019 WL 415250 (N.D. Ohio Feb. 1, 2019).

(5:25-CV-00349)

dictates whether the applicant can return to previous work (in step four) or perform other work (in step five), thereby making it dispositive of the overall disability decision.  *See Walters,* 127 F.3d at 529.

During the RFC analysis, the ALJ must evaluate all proffered medical opinions and explain how those opinions factored into (or out of) their disability decision.  While the ALJ need not incorporate every medical opinion verbatim, the ALJ cannot "improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding."  *Poe v. Comm'r. of Soc. Sec.,* 342 Fed. App'x 149, 157 (6th Cir. 2009); *see Ford v. Comm'r of Soc. Sec.,* 114 Fed. App'x 194, 197 (6th Cir. 2004).  Where an RFC conflicts with a persuasive medical opinion in the record, the ALJ must explain why the opinion was considered yet discounted.  *See* Social Security Ruling 96-8p: Titles II and XVI—Assessing Residual Functional Capacity in Initial Claims, 61 Fed. Reg. 34,474 (July 2, 1996) ("SSR 96–8p.")  The rejection of a medical opinion is permissible when supported by substantial evidence to justify the deviation.  *See Poe,* 342 Fed. Appx. at 157.

### III.  BACKGROUND [3]

#### A.  *History*

Plaintiff was born on September 9, 1983, stands six feet tall, and weighed more than four-hundred pounds at the time of his disability claim.  *See* ECF No. 5 at PageID #: 43.  He is diabetic, left school after the tenth grade to care for his grandmother, and has never been issued a driver's license.  *See* ECF No. 5 at PageID ##: 42–43.  Now, at forty-two, he lives with his

---

[3] The Court adopts the magistrate judge's factual and procedural summaries and incorporates them herein.  *See* ECF No. 10.  What follows is a summary of the details most pertinent to the Objection under review.

4

(5:25-CV-00349)

mother in East Canton, Ohio and spends his days watching television, playing video games, and helping his mom with household chores.  *See* ECF No. 5 at PageID #: 46.  His last job was nearly a decade ago: a two-week shelf-stocking stint at Walmart that ended in exhaustion and anxiety.  *See* ECF No. 5 at PageID #: 46.  He has no other relevant work history.  *See* ECF No. 5 at PageID #: 44.

In 2022, Plaintiff applied for SSI under 42 U.S.C. §§ 416(i), 423, and 1381.  He claims disability *vis-à-vis* diabetes, neuropathy, obesity, asthma, adhesive capsulitis,[4] anxiety, depression, and early-stage renal failure.  *See* ECF No. 10 at PageID #: 581.  Physical examinations throughout the application process were unremarkable and consistently showed Plaintiff had normal extremity strength, gait, and range of motion despite his progressive obesity.[5]  *See* ECF No. 10 at PageID ##: 582–85.  His medical providers repeatedly encouraged him to exercise and diet to lose weight and improve his holistic health.  *See* ECF No. 10 at PageID ##: 583–85.

In 2023, Plaintiff's disability claim was denied.  *See* ECF No. 5 at PageID #: 39.  He appealed, prompting the assigned ALJ to hold a telephonic hearing on January 17, 2024, at

---

[4] Also known as "frozen shoulder," a painful condition where the muscle thickens and stiffens.  *See Frozen Shoulder (Adhesive Capsulitis)*, Cleveland Clinic (last visited Mar. 12, 2026).

[5] Dr. Paul Oh found no limitations to Plaintiff's ability to sit, stand, walk, or lift.  *See* ECF No. 5 at PageID #: 44.  Dr. Larry James found normal mental health functioning.  *See* ECF No. 5 at PageID ##: 44–45.  Dr. Bryan Krabbe diagnosed Plaintiff with major depressive disorder and generalized anxiety disorder and opined that symptoms of those diagnoses could lead to decreased attention and concentration, emotional instability, vulnerability to criticism, and compromised ability to respond to workplace pressure.  *See* ECF No. 5 at PageID ##: 45–46.  At the same time, however, Dr. Krabbe found Plaintiff possessed adequate task persistence and noted no psychiatric hospitalizations or contemporary suicidal ideation.  *See* ECF No. 5 at PageID ##: 45–46.

5

(5:25-CV-00349)

which Plaintiff was present and represented by counsel.  *See* ECF No. 5 at PageID #: 39.  The

following month, the ALJ deemed Plaintiff non-disabled, but assigned him an RFC for reduced

light work with postural, environmental, and mental limitations (*e.g.*, no production quotas, no

assembly line work, only occasional interpersonal interactions, only gradual workplace changes,

*etc.*).  *See* ECF No. 5 at PageID #: 42.  The ALJ noted several jobs in the national economy that

Plaintiff could perform, including mail clerk, price marker, or office aide.  *See* ECF No. 10 at

PageID #: 588.  The Appeals Council declined Plaintiff's request to reconsider his claim.  *See*

ECF No. 10 at PageID ##: 581–82.

### B.  *Proceedings*

Having adequately exhausted all administrative options, Plaintiff filed a lawsuit in federal

court on February 20, 2025 seeking review of the disability denial under 42 U.S.C. § 405(g).  *See*

ECF No. 1.  The case was referred to the Honorable Jonathan D. Greenberg to prepare an R&R

under Local Rule 72.2.  *See* Order [non-document] 2/21/2025.  The Parties timely briefed the

issues.  *See* ECF Nos. 6, 8, 9.  Construed generously, Plaintiff's Complaint alleges three

assignments of error—that: (1) the ALJ erred by failing to find that obesity and diabetes, taken

together, qualify as an enumerated impairment; (2) the restricted RFC is unsupported by

substantial evidence; and (3) the ALJ erred by misapplying SSA guidance and thus failed to find

that Plaintiff's impairment prevents him from working.

*See* ECF No. 6 at PageID ##: 538–55.

On January 21, 2026, the magistrate judge issued an R&R recommending the denial be

affirmed.  *See* ECF No. 10.  Plaintiff timely entered a single Objection: that "[t]he R&R's

finding that the ALJ properly incorporated the findings of Dr. Krabbe was factually and legally

incorrect."  ECF No. 11 at PageID #: 606.  More specifically, he argues that the ALJ was wrong

6

(5:25-CV-00349)

in "selectively" incorporating Dr. Krabbe's opinion in violation of SSR 96-8p and *Kinney v. Comm'r of Soc. Sec.*, No. 23-3889, 2024 WL 2273365 (6th Cir. May 20, 2024). *See* ECF No. 11 at PageID ##: 605–07. He asks the Court to remand the application to the SSA with instructions "to incorporate the totality of the opined limitations set forth by Dr. Krabbe and determine whether Plaintiff was then capable of engaging in substantial gainful activity on a full-time and sustained basis." ECF No. 11 at PageID #: 607. Plaintiff's purported Objection restates arguments already made during the merits briefing, rather than introducing new facts or law warranting another review. *See* ECF No. 12 at PageID #: 609. The SSA also claims the ALJ is not required to adopt a medical opinion verbatim. *See* ECF No. 12 at PageID ##: 609–10.

## IV. LAW

### A. *Referral*

A district court may refer a Social Security dispute to a magistrate judge for their review, factual findings, and legal propositions—delivered *via* R&R—under 28 U.S.C. 636(b)(1)(B) and Local Rule 72.2. The court may accept the R&R, reject it, modify it, or return it to the magistrate judge for reconsideration with clarification. *See* 28 U.S.C. § 636(b)(1)(C). On receipt of the R&R, the parties have two weeks to register any objections.[6] *See* Fed. R. Civ. P. 73(b)(2). The court reviews *de novo* only what is specifically objected to.[7] *See* 28 U.S.C. §

---

[6] Failure to timely object "constitute[s] a waiver of subsequent review, absent a showing of good cause[.]" Local Rule 72.3(b); *see* Fed. R. Civ. P. 72(b).

[7] *See, e.g.*, *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)) ("An objection that does nothing more than state a disagreement with a [magistrate judge]'s suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context") (cleaned up).

7

(5:25-CV-00349)

636(b)(1)(C).  Objections must be clear, concrete, and direct the district court's attention to a particularized contention with the R&R.  *See Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Vague objections that attempt to "support [a] general objection with an exact recitation of arguments that were previously raised before" are deficient and therefor insufficient to trigger *de novo* review.  *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020).  Without a specific objection, the district court may adopt an R&R without in-depth review.  *See Peretz v. United States*, 501 U.S. 923, 939 (1991).

### B.  *Review*

On review, a district court resolves two questions when assessing an SSA ALJ's disability determination.  First, whether the ALJ's decision was "supported by substantial evidence[.]"  *Winn v. Comm'r of Soc. Sec.*, 615 Fed. App'x 315, 320 (6th Cir. 2015) (quoting *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)).  And second, whether the decision was "made pursuant to proper legal standards."  *Id.*  This assessment is deferential, but still must "whatever in the record fairly detracts from [the] weight" of the ALJ's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  "The [SSA]'s conclusions must be affirmed absent a determination that [they] failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record."  *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009) (citing 42 U.S.C. § 405(g)).

The substantial evidence standard is "not high" but requires the district court to review the administrative record and decide whether it truly supports the ALJ's findings.  *See Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229

(5:25-CV-00349)

(1938)).  Supported findings have "more than a mere scintilla" of "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion."  *Id.*  An ALJ may not disregard evidence that cuts against their disability determination, especially when such evidence could alter the outcome.  *See Golden,* 2018 WL 7079506, at \*1..  The standard "presupposes that there is a zone of choice within which the [ALJ] may proceed without interference from the courts.  If the administrative decision is supported by substantial evidence, a reviewing court must affirm."  *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994) (cleaned up).

Even when a decision is substantially supported by evidence, a district court cannot affirm "if the ALJ fail[ed] to follow agency rules and regulations."  *White,* 572 F.3d at 281.  Incorrect application of the law is sufficient for remand and reconsideration.  *See Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2006).  But a court does not review an ALJ's decision *de novo*, if there is (1) substantial evidence in support of the decision and (2) the ALJ correctly applied the law.  Rather, the court defers to the agency's discretionary determination.[8] *See Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007); *TNS, Inc.,* 296 F.3d at 395.

SSR 16-3p requires a two-step analysis of a disability applicant's symptoms.  *See* 2016 WL 1119029.  First, the ALJ must determine whether a medically determinable impairment could reasonably produce the alleged symptoms.  *See id.*  And second, the ALJ must assess symptomatic intensity, persistence, and functional impact by comparing the applicant's statements with the medical and non-medical evidence.  *See id.*  Uncontestably, "[a]n ALJ need not incorporate every limitation from a medical source's recommendation, even if it finds that

---

[8] *Cf. Bowen,* 478 F.3d at 746 ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

9

(5:25-CV-00349)

medical source to be persuasive." *Kinney*, 2024 WL 2273365, at \*3 (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)).

## V. Discussion

### A. *Claims I & II*

Plaintiff does not object to the magistrate judge's conclusion that (1) the ALJ properly considered the combination of Plaintiff's obesity and diabetes and (2) the RFC was supported by substantial evidence.  *See* ECF No. 10 at PageID #: 594, 598.  The Court therefore adopts the R&R on Claims I and II.  *See Peretz*, 501 U.S. 939.

### B. *Claim III*

Plaintiff's third assignment of error argues the ALJ failed to properly evaluate all of his symptoms under Social Security Ruling 16–3p, 2016 WL 1119029 (Mar. 16, 2016) ("SSR 16–3p") because the denial discounted, without rationale, his alleged pain and functional limitations. *See* ECF No. 6 at PageID ##: 13–18.  He also claims the ALJ inadequately analyzed his symptoms, ignored or failed to explain the omission of limitations from Dr. Krabbe's medical opinion, and did not consider his psychological impairments holistically with his neuropathy and obesity.  *See* ECF No. 6 at PageID #: 17.

The SSA responds that the ALJ adequately explained his assessment of Plaintiff's subjective complaints and that the RFC is consistent with Dr. Krabbe's finding in its limitation on public interaction, prohibition on assembly-line or quota-driven work, and workplace change restrictions.  *See* ECF No. 8 at PageID ##: 15–17.

The magistrate judge determined the ALJ followed the required two-step process under SSR 16-3p and that, although Plaintiff's impairments could reasonably produce his alleged symptoms, his claims about their severity were inconsistent with medical evidence showing

10

(5:25-CV-00349)

effective treatment, normal examinations, exercise recommendations, and daily functioning.  *See* ECF No. 10 at PageID ##: 601–02. He determined the ALJ found Dr. Krabbe's opinion persuasive and properly incorporated its mental-health limitations into the RFC, thereby addressing Plaintiff's anxiety, concentration issues, and poor stress response.  *See* ECF No. 10 at PageID ##: 6013–14.

Plaintiff objects to this finding, arguing the magistrate judge was incorrect in concluding the ALJ incorporated Dr. Krabbe's mental health opinion into his RFC determination. Specifically, Plaintiff claims that—although the ALJ found Dr. Krabbe's testimony persuasive— the RFC failed to capture the totality of his medical findings, including Plaintiff's low mood, sense of worthlessness, loss of energy, insomnia, lack of motivation, poor concentration, social withdrawal, restlessness, fatigue, irritability, muscle tension, and sleep disturbance.  *See* ECF No. 11 at PageID #: 606.  Finally, he argues that, under SSR 96-8p and *Kinney v. Comm'r of Soc. Sec.*, No. 23-3889, 2024 WL 2273365, at *4 (6th Cir. May 20, 2024), an ALJ who finds a medical opinion persuasive but declines to adopt it in full must explain why.  *See* ECF No. 11 at PageID #: 607.

*     *     *

On review, Plaintiff's Objection is too vague and meritless to warrant remand.  His brief states he "specifically objects to the R&R's conclusion regarding the ALJ's obligation and duties in this matter."  ECF No. 11 at PageID #: 605.  He claims that "[t]he R&R's finding that the ALJ properly incorporated the findings of Dr. Krabbe was factually and legally incorrect."  ECF No. 11 at PageID #: 606.  This argument lacks clarity and reiterates an argumentative thread already made in his brief on the merits, rather than directing the Court's attention to a specific disagreement with the R&R.  *See Thomas*, 474 U.S. at 147; *Howard*, 932 F.2d at 509.  It is too

11

(5:25-CV-00349)

thin to constitute a concrete objection and therefore permits the Court to adopt the R&R and deny Claim III without exhaustive review.  *See id.*

Even construing Plaintiff's objection with maximum generosity and reviewing the record *de novo*, however, Claim III fails on the merits.  The ALJ applied the law correctly, made a coherent determination that Plaintiff is not disabled, and supported that determination with substantial medical and non-medical evidence.  The ALJ found Dr. Krabbe's opinion persuasive and, contrary to Plaintiff's claim, explicitly incorporated that opinion into the RFC.  *See* ECF No. 10 at PageID #: 589, 597–98.  The aforementioned workplace restrictions directly addressed Dr. Krabbe's three primary concerns: the production quota and workplace-change limitations addressed his inattention and lack of concentration, *see Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016); the interpersonal restrictions addressed his emotional instability, *see Infantado v. Astrue*, 263 F. App'x 469, 474 (6th Cir. 2008); and the low-pressure work environment addressed his poor indicators of stress-response, *see Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002).

Further, Dr. Krabbe's own opinions were conditional, not absolute.  He opined on limitations that *might* arise if Plaintiff returned to the workforce; not pre-determined outcomes certain to occur.  *See* ECF No. 10 at PageID #: 584.  The ALJ did not discard a persuasive medical opinion.  Rather, the ALJ erected a logical bridge between Dr. Krabbe's opinion and the disability determination as required by law.  *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009); *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011).  As the R&R stated, "[Plaintiff] argues the ALJ found Dr. Krabbe's opinion persuasive[,] but did not include any of his mental health limitations.  This is simply incorrect."  ECF No. 10 at PageID #: 603.  In his report, the ALJ explicitly noted that:

12

(5:25-CV-00349)

> Dr. Krabbe diagnosed [Plaintiff] with major depressive disorder and generalized anxiety disorder. He opined that in the area of understanding, carrying out and remembering instructions, [Plaintiff] performed adequately on tasks to assess remembering and understanding. He did not report problems learning in school or work-related tasks. In sustaining concentration and persisting in work-related activity, [Plaintiff] displayed adequate tasks persistence answering questions and he showed no distraction.
>
> However, he described depression and anxiety that could result in increased worry and decrease in attention and concentration. In social interaction, Dr. Krabbe noted that on past work performance he described potential impacts of mental health problems on work performance which may lead to emotional instability when criticized. In dealing with normal pressures in a competitive work setting, he described symptoms of anxiety that may compromised his ability to respond to work pressures but he was never psychiatrically hospitalized and he displayed appropriate responses an affect when discussing past and current pressures (9F).

ECF No. 5 at PageID #: 46.  He also emphasized:

> I am persuaded by Dr. Krabbe's opinion which is consistent with the claimant's anxiety. His opinion that the claimant's anxiety and depression could result in increased worry and decrease in attention and concentration is consistent with his evaluation. In social interaction, Dr. Krabbe his past work performance noting it may lead to emotional instability when criticized. In dealing with normal pressures in a competitive work setting, he considered the claimant's response to stress by having a panic attack.

ECF No. 5 at PageID #: 47.

Plaintiff also errs in his overreliance on *Kinney* for the proposition that an ALJ who finds a medical opinion persuasive must either (a) adopt its limitations or (b) explain the opinion's omission.  *See* No. 23-3889, 2024 WL 2273365 (6th Cir. May 20, 2024).  An unpublished case, *Kinney* does not provide the profundity Plaintiff posits.  It announces no new rule, but reiterates an old one: an ALJ need only "build an accurate and logical bridge between the evidence and the result" for their decision to withstand district court review.  *Fleischer*, 774 F. Supp. 2d at 877 (quoting *Sarchet v. Chater,* 78 F.3d 305, 307 (7th Cir. 1996)); *see Wilson v. Comm'r of Soc. Sec.,*

(5:25-CV-00349)

378 F.3d 541, 544–546 (6th Cir. 2004).  The relevant issue is not whether the ALJ incorporated all of Dr. Krabbe's medical opinion, but whether they adequately accounted for that opinion and whether—where they diverged from it—they explained why.  *See* SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996).  The ALJ did precisely that:

> After careful consideration of the evidence, I find that [Plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for [Plaintiff]'s statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent with evidence supporting greater ability than [Plaintiff] alleges.

ECF No. 5 at PageID ##: 43–44.  The ALJ reasonably concluded that Plaintiff's statements about symptomatic severity and limiting effects were inconsistent with the evidentiary record.  On *de novo* review, the Court finds no error on that determination.

## VI.  CONCLUSION

The Commissioner of the Social Security Administration is not infallible.  There are occasions when seeking a remand is appropriate.  This case does not present not one of them. For the foregoing reasons, Plaintiff's Objection (ECF No. 11) is overruled, the Report and Recommendation (ECF No. 10) is adopted *in toto*, and the Commissioner's decision (ECF No. 5) is affirmed.  A separate entry of judgment shall issue.


IT IS SO ORDERED.


 March 18, 2026                                              */s/ Benita Y. Pearson*
 Date                                                          Benita Y. Pearson
                                                               United States District Judge

14